NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATHANIEL SMITH, | No.   18-16736 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-00363-KJM-AC |
| v. | |
| CITY OF STOCKTON; et al., | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Argued and Submitted February 5, 2020
San Francisco, California

Before:  PAEZ, BEA, and FRIEDLAND, Circuit Judges.

Defendant Officers Patrick Mayer, Robin Harrison, and Michael Perez

appeal the district court's denial of their motion for summary judgment on

Nathaniel Smith's ("Smith's") excessive force claims under 42 U.S.C. § 1983.

They challenge the district court's denial of qualified immunity. The City of

Stockton, asserting pendent appellate jurisdiction, appeals the denial of its motion

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

for summary judgment on Smith's claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

We have jurisdiction over the officers' appeal under 28 U.S.C. § 1291, and we affirm in part and deny in part the denial of qualified immunity to the defendant officers. We dismiss the City's appeal for lack of jurisdiction.

We review de novo a district court's denial of summary judgment on qualified immunity grounds. *S.R. Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019). In so doing, we must "view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Id.*

An officer sued under § 1983 is entitled to immunity from suit unless the officer's conduct (1) violated a constitutional right, and (2) that constitutional right was clearly established at the time of the officer's actions. *Tuuamalemalo v. Greene*, 946 F.3d 471, 476–77 (9th Cir. 2019). A right is not clearly established "unless existing precedent 'squarely governs' the specific facts at issue." *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (per curiam) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 309 (2015) (per curiam)).

**1.** We reverse the denial of qualified immunity to Officer Patrick Mayer ("Mayer") for pointing his gun at Smith during the traffic stop. Before stopping the car in which Smith was a passenger, Mayer had been informed that there was an outstanding felony bench warrant for Smith's arrest. After the stop, as Mayer

was exiting his police vehicle, Smith unexpectedly exited the car. Mayer then drew his gun and pointed it at Smith. At the time of this incident, there was no clearly established law that would have alerted an officer in Mayer's position that pointing a gun in these circumstances would violate the Fourth Amendment.

In denying Mayer qualified immunity, the district court relied on *Robinson v. Solano County*, 278 F.3d 1007 (9th Cir. 2002) (en banc), *Cameron v. Craig*, 713 F.3d 1012 (9th Cir. 2013) and *Tekle v. United States*, 511 F.3d 839 (9th Cir. 2007). We are not persuaded that these cases clearly governed the situation facing Mayer when he pointed his gun at Smith.

*Robinson* is distinguishable and does not support the district court's ruling. There, the officers confronted Robinson outside of his home where they could clearly see his hands and movements as he walked towards them. 278 F.3d at 1010. As one of the officers approached Robinson, he pointed a gun at Robinson's head from a distance of about six feet. *Id.* As Robinson was attempting to comply with the officer's commands, the officer "thrust his gun three or four feet from Robinson's head." *Id.* On these facts, we held that the officer violated Robinson's Fourth Amendment rights.

The circumstances confronting Mayer were markedly different. Mayer was attempting to apprehend Smith, who was wanted on a felony bench warrant. When Mayer stopped Smith's car, Smith unexpectedly exited it. Mayer's encounter with

Smith was rapidly evolving and uncertain. Under these circumstances, *Robinson* does not squarely control Mayer's conduct in pointing his gun at Smith.

The circumstances in *Cameron* and *Tekle* are likewise distinct. Both of those cases implicated the safety of young children and took place in the privacy of the plaintiffs' homes. *See Cameron*, 713 F.3d at 1017; *Tekle*, 511 F.3d at 845–46. Here, in contrast, the encounter with Smith took place in the context of a traffic stop; a situation "especially fraught with danger." *Arizona v. Johnson*, 555 U.S. 323, 330 (2009) (quoting *Michigan v. Long*, 463 U.S. 1032, 1047 (1983)).

**2.** We also reverse the denial of qualified immunity to Mayer for unleashing his dog to apprehend Smith. No clearly established law proscribed Mayer's conduct under the circumstances. Even assuming there was a constitutional violation, Mayer released his dog after Smith began to flee from the traffic stop, and the dog remained in Mayer's proximity and never actually made physical contact with Smith. These facts distinguish Smith's case from *Chew v. Gates*, where the officer released his dog beyond his reach to locate a concealed suspect in a contained area and "as soon as [the suspect] became aware of [the police dog's] presence, he attempted to surrender and yelled to the police to call off the dog." 27 F.3d 1432, 1436 (9th Cir. 1994). The officer in charge of the dog did not immediately respond to the suspect's attempt to surrender and the suspect "sustained severe lacerations to his left side and left forearm." *Id.* The district

4

court erred in relying on *Chew* to deny Mayer qualified immunity for releasing his dog to apprehend Smith.

**3.** We affirm the denial of qualified immunity to Officer Michael Perez ("Perez") for his shooting of Smith. Viewing the facts in the light most favorable to Smith, he had raised both hands in surrender and announced that he was unarmed when Perez fired. Officer Perez's initial suspicion that Smith was engaged in a carjacking does not justify his use of deadly force *after* Smith had surrendered. *See Hopkins v. Adaya*, 958 F.2d 881, 886–87 (9th Cir. 1992) (explaining that, although deadly force may have been justified initially, later shots violated the Fourth Amendment because the danger had passed), *overruled on other grounds as stated in Federman v. County of Kern*, 61 F. App'x 438, 440 (9th Cir. 2003). Although Officer Perez maintains that Smith's right hand was out of sight, such a factual dispute is for the jury to decide. Thus, the district court did not err in permitting this claim to proceed to trial.

**4.** We likewise affirm the denial of qualified immunity to Detective Robin Harrison ("Harrison") for her shooting of Smith. At the time of the shooting, viewing the fact in the light most favorable to Smith, Smith had attempted to surrender to the officers and did not pose a serious threat. Detective Harrison initially recognized this and holstered her gun but joined in the shooting once Officer Perez opened fire. Taking Smith's account of the incident as true,

Detective Harrison violated clearly established law in shooting Smith. *See Haugen v. Brosseau*, 351 F.3d 372, 394 (9th Cir. 2003) (noting that the plaintiff "ultimately pled guilty to [the] felony [of] . . . 'driv[ing] his vehicle in a manner indicating a wanton or wilful disregard for the lives or property of others[,]'" but that shooting him violated the Fourth Amendment because it was "not clear that he 'was engaged in the commission of a felony *at the time of the occurrence* causing the injury"), *rev'd on other grounds by Brosseau v. Haugen*, 543 U.S. 194 (2004) (per curiam).

**5.** Finally, we dismiss the City's appeal of the district court's summary judgment ruling on the *Monell* claim. We lack pendent jurisdiction to entertain an interlocutory appeal of this claim because its resolution is not "inextricably intertwined" with our resolution of the individual officers' claims of qualified immunity. *Huskey v. City of San Jose*, 204 F.3d 893, 904–05 (9th Cir. 2000).

**AFFIRMED** in part, **REVERSED** in part, **DISMISSED** in part, and **REMANDED.** Each side shall bear their own costs on appeal.